| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>**BUCHANAN INGERSOLL & ROONEY PC**<br>Mark Pfeiffer, Esq.<br>Two Liberty Place<br>50 S. 16th Street, Suite 3200<br>Philadelphia, PA 19102<br>(215) 665-8700<br>*Attorneys for Comerica Bank* |
| In Re:<br><br>Laurie S. Boyle<br>and<br>Bradley E. Boyle,<br><br>Debtors. |

**FILED**
JEANNE A. NAUGHTON, CLERK
FEB 15 2018
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

Chapter 13

Case No.: 17-18935-JKS

## OBJECTION OF COMERICA BANK TO THE
## DEBTORS' PROPOSED CHAPTER 13 PLAN

Comerica Bank ("Creditor") objects to the Debtors' modified proposed chapter 13 plan[1] as follows:

**I.  BACKGROUND**

1.  The Debtors commenced this Chapter 13 bankruptcy case on May 1, 2017 (the "Petition Date").

2.  The Creditor is a pre-petition unsecured creditor of the Debtors pursuant to guaranties issued by the Debtors in connection with a defaulted commercial loan to entities

---

[1] Doc. 45

owned by the Debtors. The Debtor lists the Creditor's claim as undisputed but contingent[2] in the amount of $580,000.[3]

3. The Debtors' schedules[4] list property and liabilities as follows:

| | |
|---|---|
| Real estate | $585,000.00 |
| Personal property | 47,100.65 |
| Total property | $632,100.65 |
| Secured claims | $662,767.00 |
| Priority unsecured claims | 76,313.81 |
| General unsecured claims | 976,812.86 |
| Total liabilities | $1,715,893.67 |

4. The Debtors filed a proposed chapter 13 plan[5] on May 31, 2017 and a modified plan on January 22, 2018 (the "Plan").[6]

5. The Plan proposes the Debtors shall pay $3,000.00 per month to the Chapter 13 Trustee for approximately 52 months commencing February 1, 2018. These payments shall be made out of the Debtors' future earnings and from the net proceeds of a proposed liquidation of the assets of a restaurant entity owned by the Debtors.

6. The Plan proposes to pay unsecured creditors of the Debtors' business entities from the monthly payments. As a result, the Debtors are proposing to pay parties that are not creditors of the Debtors and the Debtors are using funds that should go to creditors to do it.

---

[2] The claim is not contingent because the loan was in default on the Petition Date. *See, In re Saunders*, 440 B.R. 336, 341 (Bankr. E.D. Pa. 2006)(Stating a guaranty is "the quintessential example of a contingent debt because the guarantor typically has no liability unless and until the principal defaults. Upon the principal's default, however, the guarantor's obligation to pay arises and becomes a noncontingent debt.")
[3] Doc. 15, p. 20
[4] Doc. 15
[5] Doc. 16
[6] Doc. 45

7. The Plan does not provide the Creditor will receive any payment in connection with the Plan. To the contrary, the Plan provides the Creditor will be paid pursuant to the terms of the agreement between the Creditor and the borrower entity owned by the Debtors.

8. The Plan provides the property of the estate will re-vest in the Debtors upon confirmation of the Plan.

## II. OBJECTIONS TO PLAN

### A. The Debtors do not qualify for Chapter 13.

8. The Plan cannot be confirmed because the Debtors' unsecured debts exceed the Chapter 13 limits set forth in 11 U.S.C. § 109(e). Specifically, section 109(e) renders a debtor ineligible for Chapter 13 if the debtor's noncontingent, liquidated, unsecured debts are more than $250,000. Pursuant to 11 U.S.C. § 104(a), this limit is periodically adjusted for changes in the Consumer Price Index and the adjustment is published by the Judicial Conference of the United States. The current limit is $394,725.

9. The Debtors' noncontingent, liquidated, unsecured debts exceed the section 104(a) limits, as adjusted.

10. As a result, the Debtors are not eligible for Chapter 13 and their plan cannot be confirmed.

### B. The Plan violates the priority scheme of the Bankruptcy Code because it provides for payments to non-creditors of funds that should be distributed to creditors.

11. The Plan violates the priority scheme of the Bankruptcy Code because it provides for payments to non-creditors of funds that should be distributed to creditors.

12. In particular, the Plan provides for payment of creditors of the Debtors' business entities out of the Plan. The creditors of the business may not be creditors of the Debtors.

13. As a result, the Plan cannot be confirmed.

**C.  The Plan does not comply with section 1322(b)(1) of the Bankruptcy Code because it unfairly discriminates against the class containing the Creditor's claim.**

14. Section 1322(b)(1) of the Bankruptcy Code provides a plan "may not discriminate unfairly against any class" of unsecured claims.

15. The Plan does not comply with section 1322(b)(1) of the Bankruptcy Code because it unfairly discriminates against the class containing the Creditor's claim. Specifically, the Plan provides for non-creditors of the Debtors to share in the distributions of the class.

16. As a result, the Plan cannot be confirmed because it does not comply with 11 U.S.C. § 1322(b)(1).

**D.  The Plan does not comply with section 1325(a)(4) of the Bankruptcy Code because the Creditor is receiving less under the Plan than it would under a Chapter 7 liquidation.**

17. Section 1325(a)(4) of the Bankruptcy Code requires, as a condition of confirmation, that the "value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."

18. The Plan does not provide for the distribution of any property to the Creditor on account of the Creditor's unsecured claim.

19. Based on the Debtors' scheduled property (including wholly owned entities) and liabilities, it appears that a Chapter 7 liquidation would provide for a distribution to unsecured creditors which would be shared on a *pro rata* basis by the Creditor.

20. As a result, the Plan cannot be confirmed because it does not comply with sections 1325(a)(4) as it distributes less (actually zero) to the Creditor than the Creditor would receive more under a Chapter 7 liquidation.

**E.    The Plan does not comply with section 1325(a)(6) of the Bankruptcy Code because it is not feasible based on the Debtors' disposable income.**

21.    Section 1325(a)(6) of the Bankruptcy Code requires, as a condition of confirmation that the debtor will be able to make all payments under the plan and comply with the plan.

22.    The Plan requires the Debtors to pay $3,000 per month to the Chapter 13 Trustee.[7]

23.    The Debtors' Schedule I calculates their disposable income as negative $4,754.45 per month.[8]

25.    Based on the Debtors' negative disposable income, it is apparent that the Plan is not feasible and that the Debtors will be unable to make the monthly payments to the Chapter 13 Trustee.

26.    As a result, the Plan cannot be confirmed because it is not feasible and does not satisfy 11 U.S.C. § 1325(a)(6).

---

[7] Doc. 16
[8] Doc. 15, p. 58

WHEREFORE, the Creditor respectfully requests that this Court deny confirmation of the Debtors' Chapter 13 Plan.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

Dated: February 15, 2018

By: /s/ Mark Pfeiffer
Mark Pfeiffer, Esquire
700 Alexander Park Drive
Number 300
Princeton, NJ 08540
Tel: (215) 665-8700
Fax: (215) 665-8760
*Attorneys for Comerica Bank*