UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**BUCHANAN INGERSOLL & ROONEY PC**
Mark Pfeiffer, Esq.
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
(215) 665-8700
*Attorneys for Comerica Bank*

In Re:

Laurie S. Boyle
and
Bradley E. Boyle,

               Debtors.

Chapter 13

Case No.:  17-18935-JKS

## OBJECTION OF COMERICA BANK TO THE
## DEBTORS' PROPOSED CHAPTER 13 PLAN DATED JUNE 3, 2019

Comerica Bank ("Creditor") objects to the Debtors' proposed chapter 13 plan (the "Current Plan")[1] as follows:

## I.    BACKGROUND

1.    The Debtors commenced this chapter 13 bankruptcy case on May 1, 2017 (the "Petition Date").

2.    The Creditor is a pre-petition unsecured creditor of the Debtors pursuant to guarantees issued by the Debtors in connection with a defaulted commercial loan to entities owned by the Debtors.  The Debtors list the Creditor's claim as undisputed but contingent in the

---

[1] ECF 90

amount of $580,000. The Creditor filed a liquidated unsecured proof of claim in the amount of $601248.46.[2]

3.     The Debtors' schedules[3] list property and liabilities as follows:

| | |
|---|---|
| Real estate | $585,000.00 |
| Personal property | 47,100.65 |
| **Total property** | **$632,100.65** |
| Secured claims | $662,767.00 |
| Priority unsecured claims | 76,313.81 |
| General unsecured claims | 976,812.86 |
| **Total liabilities** | **$1,715,893.67** |

4.     The Debtors filed a proposed chapter 13 plan[4] on May 31, 2017 which was modified several times prior to the confirmation hearing.[5] The Court denied confirmation of that plan by order dated June 21, 2018.

5.     The Debtors filed another plan on July 6, 2018. That plan proposed to pay $3,000.00 per month to the chapter 13 trustee for approximately 46 months commencing August 1, 2018.[6] Confirmation of this plan was denied by order dated May 12, 2019.[7]

6.     Creditor objected to Debtors' prior plans because, *inter alia*, the Debtors are not eligible for chapter 13 pursuant to 11 U.S.C. § 109(e) as their unsecured debts exceeded the applicable monetary limit.[8]

7.     Debtors' Current Plan does not, and cannot, cure the defects related to the section 109(e) limitation. In addition, the Current Plan proposes paying $892 per month to the chapter 13 trustee as opposed to the $3,000 per month previously proposed.

---

[2] Claim number 10-1
[3] Doc. 15
[4] Doc. 16
[5] Doc. 45
[6] ECF 66
[7] ECF 87
[8] ECF 22, 54, 74

## II.    OBJECTIONS TO PLAN

### A.    The Debtors do not qualify for Chapter 13.

8.    Section 109(e) of the Bankruptcy Code limits chapter 13 eligibility to debtors having, as of the petition date, "noncontingent, liquidated, unsecured debts of less than $250,000." Pursuant to 11 U.S.C. § 104(a), this limit is periodically adjusted for changes in the Consumer Price Index and the adjustment is published by the Judicial Conference of the United States. The current limit is $419,275.[9]

9.    The Debtors, collectively and individually, have noncontingent, liquidated, unsecured debts exceeding this limit. In particular, the Creditor's claim alone is in excess of the limit in that the claim is in the amount of $601248.46.[10]

10.    Creditor's claim is liquidated and noncontingent as of the Petition Date. The loan that Debtors guaranteed was in default on the Petition Date. *See, In re Saunders*, 440 B.R. 336, 341 (Bankr. E.D. Pa. 2006)(Stating a guaranty is "the quintessential example of a contingent debt because the guarantor typically has no liability unless and until the principal defaults. Upon the principal's default, however, the guarantor's obligation to pay arises and becomes a noncontingent debt."). *See also, In re Stebbins*, No. 8-14-73357-LAS, 2015 WL 792095 (Bankr. E.D.N.Y. Feb. 24, 2015), *aff'd sub nom. Stebbins v. Artificial Horizon, Ltd.*, No. 15-CV-1196 (JFB), 2016 WL 1069077 (E.D.N.Y. Mar. 17, 2016) (guaranty liability triggered pre-petition when the primary obligor defaulted on the guaranteed loan was not contingent); *In re Piovanetti*, 496 B.R. 57 (Bankr. D. P.R. 2013) (guaranty obligation on loan that defaulted pre-petition is not a contingent claim).

---

[9] https://www.federalregister.gov/documents/2019/02/12/2019-01903/revision-of-certain-dollar-amounts-in-the-bankruptcy-code-prescribed-under-section-104a-of-the-code
[10] Claim number 10

11.     Because Creditor's claim is noncontingent and liquidated as of the Petition Date, the Debtors' noncontingent, liquidated, unsecured debts exceed the section 109(e) limits, as adjusted.

12.     Debtors cannot avoid the restrictions of section 109(e) simply by scheduling a claim as contingent. Such gerrymandering is improper and not in good faith.

13.     As a result, the Debtors are not eligible for Chapter 13 and the Current Plan cannot be confirmed because it does not satisfy 11 U.S.C. § 1325(a)(1) which requires a plan to comply with the provisions of the Bankruptcy Code.

**B.     The Current Plan does not comply with sections 1322(a)(3), 1322(b)(1) and 1325(a)(4) of the Bankruptcy Code because it does not provide consistent treatment for unsecured creditors as it unfairly discriminates against the Creditor by distributing no property to the Creditor under the Current Plan.**

14.     Section 1322(a)(3) of the Bankruptcy Code requires the same treatment for each claim within a particular class.  11 U.S.C. § 1322(a)(3).

15.     Section 1322(b)(1) of the Bankruptcy Code prohibits unfair discrimination in the classification of claims.  11 U.S.C. § 1322(b)(1).

16.     Section 1325(a)(4) requires the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtors were liquidated under chapter 7 on the effective date. 11 U.S.C. 21 1325(a)(4).

17.     The Current Plan violates each  of these provisions because it separately classifies Creditor's claim and does not propose to distribute any property to the Creditor under the Current Plan.

18.     In particular, the Current Plan provides for payments to other unsecured creditors. However, it does not provide for any payments to Creditor. Instead, it provides that the payments to Creditor shall come out of the bankruptcy of Bula World Holdings, LLC.  In other words, it impermissibly releases Debtors of liability to Creditor without providing any distribution to Creditor from the Debtors or their estate.

**C.     The Current Plan does not comply with section 1325(b) of the Bankruptcy Code.**

19.     Section 1325(b) of the Bankruptcy Code provides that if the holder of an allowed unsecured claim objects to the confirmation of a plan, then the Court may not approve the plan unless, as of the effective date of the plan: (A)   the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or  (B)   the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan. 11 U.S.C. § 1325(b).

20.     The Current Plan does not satisfy section 1325(b) because it does not provide for distribution of property to the Creditor with the value of at least Creditor's claim and does not require payment of all of the Debtors' disposable income.

21.     Of note, Debtors previously proposed paying $3,000 per month as their disposable income.[11]  Debtors now propose paying $892.00 per month over just 36 months.

22.     It appears that the Debtors may not be including non-wage income from their businesses in calculating the disposable income.

23.     As a result, the Court should deny confirmation of the Current Plan.

---

[11] ECF 68

WHEREFORE, the Creditor respectfully requests that this Court deny confirmation of the Debtors' Current Plan.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

Dated:  June 20, 2019                By: /s/ Mark Pfeiffer
                                          Mark Pfeiffer, Esquire
                                          700 Alexander Park Drive
                                          Number 300
                                          Princeton, NJ 08540
                                          Tel: (215) 665-8700
                                          Fax: (215) 665-8760
                                          *Attorneys for Comerica Bank*