CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, N.J. 08625-0106
Attorney for State of New Jersey, Division of Taxation

By:   Ramanjit K. Chawla (RKC 1181)
      Deputy Attorney General
      (609) 984-8150

Order Filed on August 27, 2019
by Clerk U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re:

Laurie S. Boyle and Bradley E. Boyle,

Debtors.

) Hon. John K. Sherwood, U.S.B.J.
) Case No.: 17-18935 (JKS)
)
) Chapter 13
)
)
)
)
)
)

CONSENT ORDER ALLOWING THE CLAIMS OF THE STATE OF NEW JERSEY,
DIVISION OF TAXATION

The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED**.

**DATED: August 27, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

1

THIS MATTER having come before the Court by Laurie S. Boyle and Bradley E. Boyle, ("Debtors") Chapter 13 Petition (Document Number 1, Chapter 13 Plan (Document Number 16) and the State of New Jersey, Division of Taxation ("N.J. Division") having reviewed Debtors' Chapter 13 Petition and Debtors' offer to pay their personal gross income tax liabilities and liabilities on behalf of their business Zipload Incorporated, Inc. (Tax Id XXX-XXX-719); North Jersey Catering, Inc. (Tax Id XXX-XXX-738) and CBK Restaurants, LLC (Tax Id XXX-XXX-238) and the parties having agreed to an amicable resolution and to settle this matter; and for good cause shown; it is hereby

ORDERED that the N.J. Division's Secured Proof of Claim (Claims Register Number 4-1) in the amount of $30,609.05 is hereby allowed in its entirety, and it is further

ORDERED that the N.J. Division's Priority Proof of Claim (Claims Register Number 5-1) in the amount of $45,704.76 is hereby allowed in its entirety; and it is further

ORDERED that the N.J. Division's General Unsecured Proof of Claim (Claims Register Number 5-1) in the amount of $7,562.66 is hereby allowed in its entirety and shall be treated in accordance with other general unsecured creditors in Debtors' Chapter 13 Plan of Reorganization; it is further

ORDERED that the Zipload Incorporated, Inc. (Tax Id XXX-XXX-719); North Jersey Catering, Inc. (Tax Id XXX-XXX-738) and CBK Restaurants, LLC (Tax Id XXX-XXX-238) will stay current on their post-petition tax filings and liabilities. In the event Zipload Incorporated, Inc.; North Jersey Catering, Inc. and/or CBK Restaurants, LLC do not stay current with their post-petition taxes, they will not receive the protection of the Debtors' personal Chapter 13 Bankruptcy and will be deemed in default. If such delinquency and/or deficiency is not cured within thirty (30) days of receiving a default letter from the N.J. Division, the N.J. Division will pursue collection action against any corporation that is delinquent and/or deficient with regards to its post-petition tax liability; it is further

ORDERED that the Bankruptcy Court shall not retain jurisdiction with respect to the N.J. Division's Proofs of Claims, except for (i) resolving the amount any tax claims arising prior to confirmation, and (ii) enforcing the discharge provisions of the confirmed plan. A failure by the debtors to make a payment to holders of tax claims pursuant to the terms of the debtors' Chapter 13 plan shall also be an event of default. If the reorganized debtors fail to cure an event of default as to Plan payments on the tax claims within thirty days after receipt of written notice of default from a tax claimant, then the tax claimant may (a) enforce

3

the entire amount of its claim; (b) exercise any and all rights and remedies such tax claimant may have under applicable nonbankruptcy law; and/or (c) seek such relief as may be appropriate in this Court; it is further

ORDERED that if the Debtors request a relaxation or amendment of the payment schedule from the N.J. Division due to special circumstances, the N.J. Division shall have the option in its sole discretion, but not the duty, to relax or amend the payment schedule as the N.J. Division, in its sole discretion, may see fit; it is further

ORDERED that Debtors agree if they fail to pay the secured claim and the priority proof of claim in 60 months and the liability is not satisfied at the close of Debtors' Chapter 13 Bankruptcy, or the Debtors' Chapter 13 Bankruptcy gets dismissed, such remaining liability will not be discharged and the N.J. Division will seek payment of the entire secured and priority claims (Claims 4-1 and 5-1) in their entirety including penalties and interest computed to current date of payment; and it is further

ORDERED that the failure of the N.J. Division to insist on strict compliance by the Debtors with any term of this Order shall not constitute a waiver or relaxation of any future performance by the Debtors of that term, nor shall such failure constitute a waiver

4

or relaxation by the N.J. Division of any other term of this Order; it is further

ORDERED that if any provision of this Consent Order conflicts with any other Order entered in this matter, including an Order Confirming Debtors' Chapter 13 Plan, the provisions of this Consent Order control.

CONSENTED AS TO FORM AND ENTRY:

MINION & SHERMAN
Counsel to Debtors

By: _____
Scott D. Sherman, Esq.

Dated: 6/1/2017

CHRISTOPHER S. PORRINO
Attorney General of New Jersey

By: _____
Ramanjit K. Chawla
Deputy Attorney General

Dated: 8/19/19

5